**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RODRICK D. MOORE                                                                                          PLAINTIFF
a/k/a RODERICK D. MOORE

v.                                                       No. 2:09CV00080 JLH

DEPARTMENT OF JUSTICE, Eric H. Holder, Jr.,
United States Attorney General                                                                      DEFENDANT

**ORDER**

Rodrick D. Moore was a former correctional officer of the Bureau of Prisons. He suffered a work-related injury and eventually was terminated from his employment because he was unable to perform the duties of a correctional officer. He later recovered to the extent that he was capable of performing his duties and requested reinstatement. His reinstatement was denied. He alleges that race was a motivating factor in the denial of his reinstatement.

The Department of Justice has filed a motion to dismiss or, in the alternative, motion for summary judgment arguing, among other things, that Moore cannot demonstrate that similarly-situated employees of another race were treated more favorably. Both sides have submitted information outside the pleadings, so the motion is best regarded as one for summary judgment. Moore argues, in part, that he has not had an opportunity to conduct discovery to ascertain whether similarly situated employees of another race were treated differently.

Although Moore filed his complaint on June 26, 2009, it appears that service was not perfected until January or February of 2010. The United States filed its motion for summary judgment without ever having filed an answer, before an initial scheduling order was entered, and before any discovery has been conducted.

The Supreme Court has said, "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Moore will have the burden of proof on the issue of whether any similarly situated employees outside the protected class were treated differently, but he has not had adequate time for discovery. Therefore, the motion for summary judgment is denied without prejudice to the right of the defendant to renew the motion after adequate time for discovery. Document #10.

IT IS SO ORDERED this 9th day of April, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE